IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SAMUEL WINKFIELD, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:14-cv-01182-JDB-egb |
| GRADY PERRY, | ) |
| Respondent. | ) |

**ORDER TO MODIFY THE DOCKET AND
DIRECTING RESPONDENT TO FILE A REPLY
ADDRESSING EQUITABLE TOLLING**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") (§ 2254 Pet., Docket Entry ("D.E.") 1), filed by Petitioner, Samuel Winkfield, Tennessee Department of Correction prisoner number 433488, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, and the Motion to Dismiss Petition for Writ of Habeas Corpus, filed by Michael Donahue, the previous Warden of the HCCF (Resp't's Mot. to Dismiss, D.E. 14; Mem. of Law in Supp. of Resp't's Mot. to Dismiss, D.E. 15).[1] For the reasons stated below, the Court directs Respondent to file a reply addressing equitable tolling.

**I.   BACKGROUND**

On August 1, 2014, Winkfield filed his *pro se* § 2254 Petition, accompanied by a legal memorandum. (§ 2254 Pet., D.E. 1; Mem. in Supp. of § 2254 Pet., D.E. 1-1.) The § 2254 Petition

---

[1] The Clerk is directed to substitute current HCCF Warden Grady Perry for Michael Donahue as respondent. *See* Fed. R. Civ. P. 25(d).

challenges Winkfield's convictions for the second degree murder of James Charles Haney and for tampering with evidence, which were obtained in the Circuit Court for Madison County, Tennessee. The § 2254 Petition presents the following claims:

1. "Whether the Tennessee Court of Criminal Appeal's ('TCCA') decision that the evidence was sufficient to sustain the Petitioner's convictions for Second Degree Murder and Tampering With Evidence was contrary to the decision of the United States Supreme Court held in, Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d (1989)?" (§ 2254 Pet. at PageID 7, D.E. 1; *see also* Mem. in Supp. of § 2254 Pet. at PageID 25–30, D.E. 1-1.);

2. "Whether the TCCA's decision that the trial court did not error [sic] in allowing into evidence Petitioner's prior testimony from his first trial was contrary to the decision of the United States Supreme Court held in, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)?" (§ 2254 Pet. at PageID 9, D.E. 1; *see also* Mem. in Supp. of § 2254 Pet. at PageID 30–32, D.E. 1-1.);

3. "Whether the TCCA's decision that the trial court did not error [sic] by excluding from evidence Terrence McGee's MySpace picture and caption, which showed McGee's proclamation that he was 'Armed and Dangerous', was contrary to the decision of the United States Supreme Court held in, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)?"

(§ 2254 Pet. at PageID 11, D.E. 1; *see also* Mem. in Supp. of § 2254 Pet. at PageID 33–35, D.E. 1-1.);

4. "Whether the TCCA's decision that the trial court did not error [sic] in sentencing the Petitioner to the statutory maximum sentence of twenty-five (25) as a Range I Standard Offender for his Second Degree Murder conviction was contrary to the decision of the United States Supreme Court held in, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)?" (§ 2254 Pet. at PageID 13, D.E. 1; *see also* Mem. in Supp. of § 2254 Pet. at PageID 35–37, D.E. 1-1); and

5. "Whether the TCCA's decision that the Petitioner was not denied of the right [to] effective assistance of counsel during the subsequent trial proceedings against him, where upon [sic] affirming [sic] the judgment of the Post-Conviction Court, was contrary to the decision of the United States Supreme Court held in, Trevino v. Thaler, 569 U.S. —, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013)[?]" (§ 2254 Pet. at PageID 14, D.E. 1; *see also* Mem. in Supp. of § 2254 Pet. at PageID 37–40, D.E. 1-1).

Petitioner paid the habeas filing fee on August 7, 2014. (Filing Fee Paid, D.E. 4.) In an order issued on October 8, 2014, the Court directed Winkfield to sign his § 2254 Petition. (Order, D.E. 6.) He filed a signature page on October 28, 2014. (Not. of Filing, D.E. 7.) On November 6, 2014, the Court ordered Respondent to file the state-court record and a response to the § 2254 Petition. (Order, D.E. 8.)

On December 9, 2014, Winkfield filed an amendment to his § 2254 Petition that added the following, additional issue:

> 6. "That Petitioner Samuel Winkfield, [sic] Post-Conviction Attorney Samuel T. Howell, rendered ineffective assistance of counsel during the post-conviction proceeding when counsel intentionally defaulted petitioner's Prosecutorial Misconduct claim, that was alleged therein [sic] his pro-se petition for post-conviction relief, thereby counsel failure [sic] to raise the prosecutorial misconduct claim on direct appeal, which constitute[s] cause to excuse the procedural default claim." (Am. § 2254 Pet. at PageID 70, D.E. 9-1.)

On January 29, 2015, Respondent moved to dismiss the § 2254 Petition as time barred. (Resp't's Mot. to Dismiss, D.E. 14; Mem. in Supp. of Resp't's Mot. to Dismiss, D.E. 15.) On the next day, Respondent filed the state-court record. (Not. of Filing, D.E. 16.)[2] On March 2, 2015, Petitioner submitted his response in opposition to the motion to dismiss, (Pet'r's Resp. to Resp't's Mot. to Dismiss, D.E. 18.), in which he argued that he was entitled to equitable tolling because his prison was in lockdown from July 10, 2014 until July 29, 2014. (*Id.* at 4.)

---

[2] The state-court record was due on January 29, 2015. (*See* Mot. for Extension of Time, D.E. 12; Order, *id.*, D.E. 13.) Respondent failed to seek an additional extension of time to file the record and provided no explanation for his late filing. The judges in this district have repeatedly reminded the Tennessee Attorney General's Office that it is not proper to disregard filing deadlines. The Court will, *in this instance only,* accept the late-filed records.

4

## II. INSTRUCTIONS TO THE PARTIES

The Court cannot resolve Petitioner's request for equitable tolling without a response from the Warden. Therefore, Respondent is ORDERED to file a reply in further support of his Motion to Dismiss within **twenty-one days** of the date of entry of this order. The reply should address whether Winkfield's housing unit was in lockdown during the relevant period and, if it was, whether Respondent agrees that he is entitled to equitable tolling. The reply should be accompanied by an affidavit by Warden Perry, or another qualified official at the HCCF, addressing Petitioner's allegation that he was unable to access the law library between July 10, 2014 and July 29, 2014.

Petitioner may, if he so chooses, respond to any proof offered by Respondent within **twenty-one days** of its service.

After the filing of the reply and any sur-reply by Petitioner, the Court will assess whether an evidentiary hearing will be required.

IT IS SO ORDERED this 21st day of July 2015.

        s/ J. DANIEL BREEN
        CHIEF UNITED STATES DISTRICT JUDGE