**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

|                           |     |                              |
| ------------------------- | --- | ---------------------------- |
| SAMUEL WINKFIELD,         | )   |                              |
|                           | )   |                              |
| Petitioner,               | )   |                              |
|                           | )   |                              |
| v.                        | )   | Case No. 1:14-cv-01182-JDB-egb |
|                           | )   |                              |
| CHERRY LINDAMOOD,         | )   |                              |
|                           | )   |                              |
| Respondent.               | )   |                              |
|                           | )   |                              |

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS
## AND DIRECTING RESPONDENT TO RESPOND TO THE
## AMENDED § 2254 PETITION

Before the Court are three petitions/motions related to this habeas corpus action petition filed by Petitioner, Samuel Winkfield, Tennessee Department of Correction prisoner number 433488, who is currently an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. They are, (1) the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended § 2254 Petition"), Am. § 2254 Pet., *Winkfield v. Lindamood*, No. 1:14-cv-01182-JDB-egb (W.D. Tenn. Dec. 9, 2014) (Docket Entry ["D.E."] 9); (2) the Motion to Dismiss Petition for Habeas Corpus filed by Michael Donahue, who was, at the time, the warden at the prison where Winkfield had previously been housed, Resp't's Mot. to Dismiss, *id.* (Jan. 29, 2015) (D.E. 14); Mem. of Law in Supp. of Resp't's Mot. to Dismiss, *id.* (D.E. 15); and (3) Winkfield's motion for an extension of time to file his sur-reply in further opposition to the Motion to Dismiss, Letter, *id.* (Aug. 17, 2015) (D.E. 21). For the reasons stated below, the Court GRANTS the extension of time and DENIES the Motion to Dismiss.

# I.        BACKGROUND

## A.        State Court Procedural History

On January 2, 2007, a grand jury in Madison County, Tennessee, returned an indictment charging Winkfield and Ciara C. Lasley with the first degree murder of James Charles Haney; the murder of Haney in perpetration of a felony, namely, aggravated robbery; the especially aggravated kidnapping of Terence McGee; tampering with evidence; and conspiring to tamper with evidence.   Indictment, *State v. Winkfield*, No. 07-74 (Madison Cnty. Circ. Ct.) (D.E. No. 16-1 at 126-32).   Lasley was also charged in the same indictment with being an accessory after the fact to first degree murder and with filing a false police report.   *Id.* at 133-34.

Petitioner's first trial in July 2007 resulted in a mistrial.   A second jury trial on the charges commenced in the Circuit Court for Madison County, Tennessee, on January 22, 2008.   On January 25, 2008, the jury announced that it was deadlocked on the kidnapping charge, Trial Tr. at 872, *Id.* (D.E. 16-17), but convicted the inmate of second degree murder and tampering with evidence, *Id.* at 873-76.   At a hearing on March 31, 2008, the trial judge sentenced Winkfield to a term of imprisonment of twenty-five years at 100% for the second degree murder and to a concurrent term of six years as a Range I offender for tampering with evidence.   Sentencing Hr'g Tr. at 18-2, *Id.* (March 31, 2008) (D.E. 16-14).   Judgments were entered on April 8, 2008.   J. as to Count 1, *id.* (Apr. 8, 2009) (D.E. 16-1 at 222); J. as to Count 4, *id.* (D.E. 16-1 at 224).   The Tennessee Court of Criminal Appeals ("TCCA") affirmed.   *State v. Winkfield*, No. W2008-01347-CCA-R3-CD, 2010 WL 796917 (Tenn. Crim. App. Mar. 9, 2010), *appeal denied* (Tenn. Aug. 25, 2010).

On August 22, 2011, Winkfield filed a *pro se* petition in the Madison County Circuit Court pursuant to the Tennessee Post-Conviction Procedure Act, Tennessee Code Annotated sections 40-30-101 to -122. Pet. for Post-Conviction Relief, *Winkfield v. State*, No. C-11-216-II (Madison Cnty. Circ. Ct. Aug. 22, 2011) (D.E. 16-21 at 1669-880). On August 29, 2011, the State filed a response to the post-conviction petition that included a motion to dismiss. State's Resp. and Mot. to Dismiss, *id.* (Aug. 29, 2011) (D.E. 16-21 at 1698-1700). On October 6, 2011, the post-conviction court found that the petition stated a colorable claim. Prelim. Order (Colorable Claim), *id.* (Oct. 6, 2011) (D.E. 16-21 at 1707-08). Counsel was appointed to represent Winkfield, and an amended post-conviction petition was filed on November 9, 2011. 1st Amendment to Post-Conviction Pet., *id.* (Nov. 9, 2011) (D.E. 16-21 at 1709-11). A second amendment to the petition was filed on March 19, 2012. 2d Amendment to Post-Conviction Pet., *id.* (Mar. 19, 2012) (D.E. 16-21 at 1714-16). On March 21, 2012, the State submitted its response and incorporated a motion to dismiss. State's Resp. and Mot. to Dismiss, *id.* (Mar. 21, 2012) (D.E. 16-21 at 1717-19). A hearing on the petition was held on October 29, 2012, Post-Conviction Hr'g Tr., *id.* (Oct. 29, 2012) (D.E. 16-22), resulting in the denial of the relief sought by the Petitioner December 20, 2012. Order Denying Pet'r's Pet. for Post-Conviction Relief and Am. Pets., *id.* (Dec. 20, 2012) (D.E. 16-21 at 1728-29). The TCCA affirmed. *Winkfield v. State*, No. W2012-02413-CCA-R3-PC, 2013 WL 6001929 (Tenn. Crim. App. Nov. 8, 2013), *appeal denied* (Tenn. Apr. 11, 2014).

### B.    Case Number 14-1102

On May 5, 2015, Winkfield filed a *pro se* petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, accompanied by a legal memorandum. § 2254 Pet.,

*Winkfield v. Donahue*, No. 1:14-cv-01102-JDB-egb (W.D. Tenn. May. 5, 2014) (D.E. 1); Mem. of Law in Supp. of § 2254 Pet., *id.* (D.E. 1-1).   On May 8, 2014, the Court ordered Petitioner to either file an *in forma pauperis* affidavit and inmate trust fund account statement or pay the habeas filing fee within thirty days.   Order, *id.* (May 8, 2014) (D.E. 3).   Because Winkfield failed to comply with the order, the Court dismissed the § 2254 Petition for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.   Order, *id.* (June 24, 2014) (D.E. 4). Judgment was entered on June 25, 2015.   J., *id.* (June 25, 2014) (D.E. 5).

### C.      Case Number 14-1182

On August 1, 2014, Winkfield filed a second *pro se* §2254 petition, accompanied by a legal memorandum.   § 2254 Pet., *Winkfield v. Lindamood*, No. 1:14-cv-01182-JDB-egb (W.D. Tenn. Aug. 1, 2014) (D.E. 1); Mem. of Law in Supp. of § 2254 Pet., *id.* (D.E. 1-1).   In response to the Court's order, Order, *id.* (Aug. 5, 2014) (D.E. 3), the inmate paid the habeas filing fee on August 7, 2014, Docket Min. Filing fee paid, *id.* (Aug. 7, 2014) (D.E. 4).   On October 8, 2014, the Court directed Winkfield to sign the § 2254 Petition, Order, *id.* (Oct. 8, 2014) (D.E. 6), which he did on October 28, 2014, Notice of Signature Page of § 2255 Petition, *id.* (Oct. 28, 2014) (D.E. 7).   In an order issued on November 6, 2014, the Court directed Warden Donahue to file the state-court record and a response to the § 2254 Petition.   Order, *id.* (Nov. 6, 2014) (D.E. 8).[1]

---

[1] The Clerk is directed to substitute SCCF Warden Cherry Lindamood as respondent in this matter.   *See* Fed. R. Civ. P. 25(d).

On December 9, 2014, Winkfield submitted his amended § 2254 Petition, which added two new issues and which appears to be intended to supersede the original § 2254 Petition. Am. § 2254 Pet., *id.* (Dec. 9, 2014) (D.E. 9).[2]

On January 29, 2015, the Warden filed a motion to dismiss, supported by a legal memorandum. Resp't's Mot. to Dismiss, *id.* (Jan. 29, 2015) (D.E. 14); Mem. of Law in Supp. of Resp't's Mot. to Dismiss, *id.* (D.E. 15). The pleading argued that the § 2254 Petition was time barred. On January 30, 2015, Respondent filed the state-court record. Notice of Filing, *id.* (Jan. 30, 2015) (D.E. 16).[3] Winkfield filed his Response to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus ("Response") on March 2, 2015. Resp. to Mot. to Dismiss, *id.* (Mar. 2, 2015) (D.E. 18). In his Response, Petitioner maintained that he was not able to file his petition in a timely matter because his prison was on lockdown from July 10, 2014 until July 29, 2014. Accordingly, he argued he was entitled to equitable tolling. *Id.* at 3-5.

On July 21, 2015, the Court directed Respondent to file a reply addressing the issue of equitable tolling. Order, *Id* (July 21, 2015) (D.E. 19). The Warden was instructed that the reply should be accompanied by a factual affidavit addressing Petitioner's allegations. *Id.* at 5.

---

[2] Neither the Amended § 2254 Petition nor the accompanying legal memorandum is signed, although Winkfield has signed a certificate of service. **Petitioner is ORDERED to submit signed signature pages for these documents within 28 days of the date of entry of this order.** If he fails to do so, the Court will strike the documents and the operative pleading in this matter will be the original § 2254 Petition. *See* Fed. R. Civ. P. 11(a).

[3] The state-court record was submitted one day past the deadline of January 29, 2015. *See* Order, *id.* (D.E. 13). In his legal memorandum in support of his motion to dismiss, Respondent stated that "[p]reparation of the state-court record for filing with this Court is in progress. Respondent's counsel anticipates filing of the record by close of business on January 30, 2015." Mem. of Law in Supp. of Resp't's Mot. to Dismiss at 4 n.2, *id.* (D.E. 15). The proper procedure is to file a motion seeking an extension of time, accompanied by an explanation for the requested extension, rather than to announce that additional time will be taken. The Court will, **in this instance only**, excuse the late filing of the record.

Petitioner was advised that he could respond to any proof offered by Respondent within twenty-one days of its service. *Id.*

On August 11, 2015, Respondent filed a reply in further support of his motion to dismiss, which was accompanied by the affidavit of Byron Ponds, the Chief of Security at the Hardeman County Correctional Facility ("HCCF"), where Winkfield was confined when he submitted his § 2254 Petition. Reply, (Aug. 11, 2015) (D.E. 20). The affidavit stated that Winkfield's unit was not on lockdown between the dates of July 10, 2014 and July 29, 2014. Byron Ponds Aff. At ¶ 3, *id.* (Aug. 11, 2015) (D.E. 20-1).

On August 17, 2015, Petitioner informed the Clerk that he had been transferred to the SCCF. Letter, *id.* (Aug. 17, 2015) (D.E. 21). He also sought an extension of time to file his sur-reply. *Id.* On August 24, 2015, Winkfield filed his sur-reply ("Sur-Reply"), which was titled "Motion in Opposition to Dismiss Petition for Writ of Habeas Corpus." Sur-Reply, *id.* (Aug. 11, 2015) (D.E. 22).[4] For good cause shown, Petitioner's motion for an extension of time is GRANTED. In his Sur-Reply, Winkfield argued that he was entitled to equitable tolling because HCCF staff failed to return his *in forma pauperis* materials or process his payment request in a timely manner. *Id.* In a letter accompanying the Sur-Reply, the inmate conceded that his prison had not been on lockdown between July 13, 2014 and July 30, 2014. He explained that the reply, which had been filed by an inmate legal advisor, had not been reviewed by the Petitioner before the filing deadline due to time constraints. Letter, *id.* (Aug. 24, 2015) (D.E. 22-2).

## II.      PETITIONER'S FEDERAL HABEAS CLAIMS

In his Amended § 2254 Petition, Winkfield raises the following issues:

---

[4] The Clerk is directed to modify the docket to reflect that D.E. No. 22 is not a motion and is, instead, a sur-reply in further opposition to the Motion to Dismiss.

1. Whether the [TCCA's] decision that the evidence was sufficient to sustain the Petitioner's convictions for Second Degree Murder and Tampering [w]ith Evidence was contrary to the decision of the United States Supreme Court held in, Jackson v. Virginia, 443 U.S. 307" (1979). Am. § 2254 Pet. at 5, *id.* (Dec. 9, 2104) (D.E. 9); *see also* Mem. in Supp. of § 2254 Pet. at 6-11, *id.* (D.E. 9-2);

2. "Whether the TCCA's decision that the trial court did not [err] in allowing into evidence Petitioner's prior testimony from his first trial was contrary to the decision of the United States Supreme Court held in, Brady v. Maryland, 373 U.S. 83" (1963). Am. § 2254 Pet. at 7, *id.* (Dec. 9, 2104) (D.E. 9); *see also* Mem. in Supp. of § 2254 Pet. at 11-13, *id.* (D.E. 9-2);

3. "Whether the TCCA's decision that the trial court did not [err] by excluding from evidence Terrence McGee's MySpace picture and caption, which showed McGee's proclamations that he was "Armed and Dangerous", was contrary to the decision of the United States Supreme Court held in, Brady v. Maryland, 373 U.S. 83" (1963). Am. § 2254 Pet. at 8, *id.* (Dec. 9, 2104) (D.E. 9); *see also* Mem. in Supp. of § 2254 Pet. at 14-16, *id.* (D.E. 9-2);

4. "Whether the TCCA's decision that the trial court did not [err] in sentencing the Petitioner to the statutory maximum sentence of twenty-five (25) as a Range I Standard Offender for his Second Degree Murder conviction was contrary to the decision of the United States Supreme Court held in, Blakley v. Washington, 542 U.S. 296" (2004). Am. § 2254 Pet. at

10, *id.* (Dec. 9, 2104) (D.E. 9); *see also* Mem. in Supp. of § 2254 Pet. at 16-18, *id.* (D.E. 9-2);

5.  "Whether the TCCA's decision that the Petitioner was not denied [. . .] the right [to] effective assistance of counsel during the subsequent trial proceedings against him, where upon affirming the judgment of the Post-Conviction Court, was contrary to the decision of the United States Supreme Court held in, Trevino v. Thaler, 569 U.S.— " (2013). Am. § 2254 Pet. at 12, *id.* (Dec. 9, 2104) (D.E. 9); *see also* Mem. in Supp. of § 2254 Pet. at 18-21, *id.* (D.E. 9-2);

6.  "That Petitioner Samuel Winkfield['s] Post-Conviction Attorney[,] Joseph T. Howell, rendered ineffective assistance of counsel during the post-conviction proceeding when counsel intentionally defaulted petitioner's Prosecutorial Misconduct claim, [which] was alleged therein his pro-se petition for post-conviction relief[. . . . Counsel's] failure to raise the prosecutorial misconduct claim on direct appeal . . . constitute[d] cause to excuse the procedural default claim." Am. § 2254 Pet. Ground for Review at I-V, *id.* (Dec. 9, 2104) (D.E. 9-1); and

7.  "That the trial Court, has breach[ed] a clear and unequivocal rule of law, by imposing a maximum 25 years sentence in excess of the 20 years sentence for second degree murder, bas[ed] on e[n]hancement factors not found by the jury or admitted [by Petitioner Winkfield], thus, violating his Sixth Amendment rights as interpreted in Apprendi-vs-New Jersey, 530 U.S. 466,

490," (2000).   Am. § 2254 Pet. Ground for Review at VII-IX, *id.* (Dec. 9,

2104) (D.E. 9-1).

### III.        RESPONDENT'S MOTION TO DISMISS

In the Motion to Dismiss, brought pursuant to Federal Rules of Civil Procedure 12(b)(6)

and/or 56, Respondent argues that the § 2254 Petition is time barred.   Resp't's Mot. to Dismiss,

*id.* (Jan. 29, 2015) (D.E. 14); Mem. of Law in Supp. of Resp't's Mot. to Dismiss, *id.* (Jan. 29,

2015) (D.E. 15).   For the following reasons, the Motion to Dismiss will be denied without

prejudice.

The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the

extent that the practice in those proceedings:   (A) is not specified in a federal statute[ or] the Rules

Governing Section 2254 Cases . . . ; and (B) has previously conformed to the practice in civil

actions."   Fed. R. Civ. P. 81(a)(4)(A)-(B).   Habeas practice is governed by the Rules Governing

Section 2254 Cases in the United States District Courts ("§ 2254 Rules").[5]   Rule 8(a) of the §

2254 Rules authorizes the Court to examine the petition, the answer, and the state-court record to

determine whether an evidentiary hearing will be required.   If a hearing is not required, the Court

may dismiss the petition on the merits without a hearing.

Although Respondent could have brought his Motion to Dismiss directly under Rule 8(a)

of the § 2254 Rules, he chose instead to base it on Rules 12(b)(6) and 56 of the Federal Rules of

Civil Procedure.   Nevertheless, Respondent's legal memorandum does not mention Rules 12 or

---

[5] Rule 12 of the § 2254 Rules provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

56, explain why those Rules are appropriate for use in evaluating § 2254 petitions, or address how the Rules are to be applied in the habeas context.

For the following reasons, a Rule 12(b)(6) motion is not an appropriate vehicle for deciding a § 2254 petition on the merits nor for evaluating the sufficiency of an affirmative defense such as the statute of limitations or a failure to exhaust remedies. The focus of a Rule 12(b)(6) motion is ordinarily the sufficiency of a party's pleading, rather than the merits of the underlying claim. *See, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) ("Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief."). A court evaluating a Rule 12(b)(6) motion must "constru[e] the record in the light most favorable to the non-moving party and accept[] all well-pleaded factual allegations as true." *Moncier v. Jones*, 557 F. App'x 407, 408 (6th Cir. 2014). Affirmative defenses are not addressed in Rule 12(b)(6) motions unless "the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) ("But there is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law."). Rule 7 of the § 2254 Rules contemplates that the Court may require the parties to expand the record to include other materials, such as factual affidavits and documents, that can be considered without holding an evidentiary hearing. However, 12(b)(6) does not provide such a mechanism. Therefore, the Ponds affidavit submitted by Respondent cannot properly be considered under Rule 12(b)(6). A Rule 12(b)(6) motion is not appropriate in cases such as this where an evidentiary hearing may be required.

A Rule 56 motion for summary judgment is similarly inappropriate for evaluating Respondent's Motion to Dismiss. Motions such as these necessarily argue that all issues of material fact have been established and agreed upon by the parties. However, in this case, Respondent has not submitted a statement of undisputed facts required by Rule 56(c) and Local Rules 56.1(a), and the facts pertaining to Petitioner's equitable tolling argument have not been shown to be undisputed. Thus, the Court cannot determine by the present record whether Winkfield is entitled to equitable tolling.

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). The § 2254 limitations period is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), however the doctrine is employed "sparingly by federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Supreme Court has emphasized that, in evaluating a prisoner's efforts to file a timely petition, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence' . . . , not 'maximum feasible diligence.'" *Id.* at 653. Because a hearing may be required to resolve a factual dispute, Respondent is not entitled to summary judgment.

11

If Winkfield's first § 2254 Petition, which was presented in Case Number 14-1102, was dismissed because prison officials unreasonably delayed in processing his *in forma pauperis* materials or mailing the habeas filing fee, he would be entitled to equitable tolling. Nevertheless, respondent's Motion to Dismiss does not address Case Number 14-1102 and the effect it may have on the timeliness of the § 2254 Petition filed in the instant case.

For all the foregoing reasons, Respondent's Motion to Dismiss is DENIED without prejudice.

## III.        INSTRUCTIONS TO THE PARTIES

It is ORDERED, pursuant to Rule 4 of the § 2254 Rules, that Respondent submit a response to the Amended § 2254 Petition within twenty-eight days. Any motion to dismiss should not be brought under Federal Rules of Civil Procedure 12(b)(6) or 56. If Respondent raises the statute of limitations issue, the response should address Case Number 14-1102 and include a factual affidavit by an appropriate person at the Northwest Correctional Complex addressing any requests made by Winkfield pertaining to *in forma pauperis* applications or the mailing of the habeas filing fee. Copies of all documents relevant to Winkfield's request, if any, should be attached.

Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service.[6] Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of the Amended § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

---

[6] The Court has also ordered Winkfield to sign the Amended § 2254 Petition and his legal memorandum. *See supra* note 2, at 5.

IT IS SO ORDERED this 17th day of September, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE